Pamela BURNS, et al., Plaintiffs,

v.

WYETH, INC., et al., Defendants.

No. 04–CV–87–HRW.

United States District Court,
E.D. Kentucky,
Ashland.

Nov. 10, 2004.

Ronald E. Johnson, Jr., Louisville, KY, for Plaintiffs.

David T. Schaefer, Richard H.C. Clay, Woodward, Hobson & Fulton, Louisville, KY, for Defendants.

### MEMORANDUM OPINION AND ORDER

WILHOIT, District Judge.

This matter is before the Court upon the Plaintiffs' Motion to Remand [Record Nos. 2 and 4]. The Court, having reviewed the record, and being otherwise sufficiently advised, hereby **OVERRULES** the Plaintiffs' Motion to Remand.

On April 19, 2004, the Plaintiffs filed suit in Boyd County, Kentucky, Circuit Court. In their Complaint, the Plaintiffs allege they developed valvular heart disease (VHD) from taking the diet drugs Pondimin (fenfluramine), Redux (dexfefluramine) and/or phentermine, a combination of which is commonly known as Fen–Phen. On May 28, 2004, the Defendants filed their Notice of Removal pursuant to 28 U.S.C. § 1332.

On September 7, 2004, Plaintiffs filed a Memorandum in Support of Remand [Record No. 2]. However, their Motion for Remand was not filed until October 1, 2004 [Record No. 4]. In the interim, on September 21, 2004, the Defendants filed their Response to the Plaintiffs' Motion to Remand [Record No. 3].

In the Motion for Remand, the Plaintiffs argue that this Court lacks the proper jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that this Court has original jurisdiction of all civil actions in which the matter in controversy exceeds $75,000, and is between citizens of different states. The Plaintiffs concede that their claims exceed the $75,000 statutory minimum.

The Plaintiffs are citizens of Kentucky, Ohio, and Indiana. The Defendants include Wyeth and its subsidiaries, Wyeth drug sales representatives Michael Topalian, Blake Alan Goodwin, Constance S. Grigsby, Scott J. Franklin, and Cynthia M. Cowgill–Salamanca, and Dr. W. Rex Duff, and his medical practice, Bariatrics of KY, P.S.C. Defendant Wyeth and its subsidiaries are out of state entities located in Delaware, New Jersey, and Pennsylvania. Blake Alan Goodwin is a resident of Indiana. Constance Grigsby is a resident of Texas. Michael Topalian is a resident of Ohio.

The Wyeth Defendants, and Defendants Goodwin, Grigsby, and Topalian satisfy diversity requirements. However, Scott J. Franklin, Cynthia M. Cowgill–Salamanca, and Dr. W. Rex Duff and Bariatrics of KY, P.S.C. are residents of Kentucky. Their presence would seemingly destroys diversity jurisdiction.

Section 1441 of 28 U.S.C. permits defendants in civil actions the right to remove cases from state courts to this Court when it would have original jurisdiction. In order to remove a case, there must be complete diversity of citizenship both when the case was commenced and at the time of the filing of notice of removal. *Jerome–Duncan, Inc. v. Auto–By–Tel, LLC,* 176 F.3d 904, 907 (6th Cir.1999). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id.* The removing party bears the burden of proving fraudulent joinder. *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 948–949 (6th Cir.1994).

Despite the apparent lack of complete diversity of parties, the Defendants nonetheless maintain this Court may exercise jurisdiction. The Defendants allege that Dr. Duff, his practice Bariatrics of KY, and Wyeth drug sales reps Franklin and Salamanca were fraudulently joined by the Plaintiffs to destroy diversity.

In *Coyne v. American Tobacco Company,* 183 F.3d 488 (6th Cir.1999), the Sixth Circuit Court of Appeals discussed the standard for proving fraudulent joinder:

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See *Alexander,* at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The

district court must resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non-removing party." *Id.* All doubts as to the propriety of removal are resolved in favor of remand. See *Id. Coyne,* at 493.

As the removing party, Defendant Wyeth bears the burden of proving that the Plaintiffs cannot establish a cause of action against Defendants Franklin and Salamanca under Kentucky law.

In their Motion for Remand, the Plaintiffs do not address the question of whether Dr. Duff and his medical practice were fraudulently joined. It appears that they concede this point. As the Defendants note, the Court has recently addressed this question in a similar Wyeth case, *Adkins, et al., v. Duff, et al.,* 04–cv–103–HRW.

In a Memorandum Opinion and Order issued on August 31, 2004, the Court found that Dr. Duff had been fraudulently joined because the plaintiffs had no possibility of success against Dr. Duff since the applicable statute of limitations for medical negligence had lapsed. While not specifically addressed by the Court in *Adkins,* the Court stated in a footnote that Dr. Duff and his medical practice were the same for all practical purposes since he was the sole owner/shareholder, officer, and employee.

■ Instead of focusing on Dr. Duff in their Motion for Remand, the Plaintiffs argue the Wyeth drug sales representatives, also known as "detail representatives," were not fraudulently joined. The Plaintiffs assert it is the duty of the Court to determine "whether the plaintiffs *might* have a valid cause of action against the detail representatives under Kentucky law, and the burden remains on the defendants to show the allegations of the complaint state no probable cause of action." (Plaintiffs' Motion, p. 4–5).

The Plaintiffs contend the detail representatives committed negligence and fraud by "misrepresenting the testing, safety, and effectiveness of [the] diet drugs Pondimin and Redux," to doctors, including Dr. Duff, who then relied on these representations, and prescribed the drugs to the Plaintiffs (Plaintiffs' Motion, p. 1, 6, and generally Plaintiffs' Complaint, Paragraphs 174–180).

■ The Supreme Court of Kentucky stated in *United Parcel Service Company v. Rickert,* 996 S.W.2d 464, 468 (Ky.1999):

> In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material misrepresentation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon f) causing injury.

"Fraud may be committed either [by] intentionally asserting false information or by willfully failing to disclose the truth." *Id* at 469. The circumstances constituting fraud must be plead with particularity. Kentucky Rule of Civil Procedure 9.02 and Fed.R.Civ.P. 9(b).

The Plaintiffs contend Defendants Franklin and Salamanca visited prescribing physicians, including Dr. Duff, and provided "the prescribing physician Redux Starter Kits," and encouraged "the physician to prescribe Fen–Phen as a really good way to lose weight," instead of discouraging the off label use of the Diet Drugs. (Plaintiffs' Complaint, Paragraphs 102, 104–105). The Plaintiffs also allege the detail representatives "represented Redux was better than Fenfluramine." (Plaintiffs' Complaint, Paragraph 104).

In their Motion to Remand, the Plaintiffs also allege, "[t]he detail representatives' failure to correct prior false statements—even if believed by them to be true when made—is fraud." (Plaintiffs' Motion, p. 6). Further, since Pondimin and Redux were related drugs, "any knowledge that

sales representatives had about the dangers of Pondimin was also knowledge of the dangers of Redux, and vice versa." (Plaintiffs' Motion, p. 12). Thus, any duty to disclose the dangers of one drug required the same duty for the other.

In support of this argument, the Plaintiffs allege the "call notes" of the Defendant sales representatives prove the reps never disclosed to physicians the full extent of the risks associated with Pondimin or Redux, and never disclosed that Pondimin and Redux were the same drug.[1] The Plaintiffs maintain by failing to fully disclose all the facts to doctors who prescribed diet drugs, Wyeth detail representatives generally "actively participated in a trick, an elaborate hoax that created an unreasonable risk of harm to the interests of others." (Plaintiffs' Motion, p. 23). They argue "[b]ut for the misrepresentations and omissions of the detail representatives, doctors would not have prescribed the diet drugs." (Plaintiffs' Motion, p. 33).

Conversely, the Defendants argue that the Plaintiffs have failed to produce any specific evidence that Defendants Franklin and Salamanca ever "detailed" Pondimin, or "had any independent knowledge of the risks and benefits of Redux besides the information provided to them by Wyeth." (Defendants' Response, p. 2). Defendants Franklin and Salamanca both submitted affidavits indicating that they were not involved in the design, manufacture, or testing of Pondimin or Redux, nor did they have any control over the FDA mandated warnings that Wyeth provided to physicians.

Defendants Franklin and Salamanca also argue since they lacked "any education in pharmacology or medicine, [they] had not reason to doubt conclusions of Wyeth and FDA medical professionals that

Wyeth was safe and effective," and "[t]heir knowledge of Redux was entirely derived from information provided by Wyeth." (Defendants' Response, p. 7). Finally, both Franklin and Salamanca state in their affidavits that they did not promote or market Pondimin. The Defendants assert the Plaintiffs failed to make specific allegations regarding the knowledge or representations made by Defendants Franklin and Salamanca.

The Defendants also argue that the Plaintiffs' exhibits generally relating to the Wyeth detailers show that the detailers were not aware of the risks of valvular heart disease (VHD) prior to Wyeth's public disclosure in 1997, and that they did not hide the risk of primary pulmonary hypertension (PPH). However, "to the extent that there were any documents that even address the risks of VHD and PPH and were addressed to Wyeth detailers, ... Plaintiffs have made no showing that Franklin and Salamanca ever saw those documents, were otherwise aware of the contents of those documents, or that they represent Wyeth policy." (Defendants' Response, p. 8).

Further, none of the Plaintiffs' documents included as exhibits establish "that Franklin or Salamanca affirmatively misrepresented the risk of PPH to any of the Plaintiffs' prescribing physicians and that but for that misrepresentation the physician would never have prescribed diet drugs to each Plaintiff." (Defendants' Response, p. 9). Additionally, Defendant Salamanca's call notes attached to the Plaintiffs' Motion as Exhibit 18, provide no evidence that either Salamanca or Franklin misrepresented the risks of PPH to the Plaintiffs' physicians.

---

1. Call notes are the notes of Wyeth sales representatives visits and calls with physicians about Wyeth drug products.

The Defendants also assert the Plaintiffs have produced no specific evidence that Franklin and Salamanca ever promoted Pondimin to the physicians with which they advertised. Thus, the Defendants maintain the Plaintiffs cannot refute the statements made by Franklin and Salamanca in their affidavits that they never "detailed" Pondimin.

Based upon the Plaintiffs' lack of specific evidence and the lack of particularity in pleading fraud, the Defendants assert the Plaintiffs' claims must fail as there is no chance of success on the merits. Therefore, Defendants Franklin and Salamanca are fraudulently joined, and this Court may properly assert jurisdiction.

The Court agrees with the Defendants' analysis. The Plaintiffs do not plead with any particularity or specificity when or where the alleged misrepresentations occurred, or for that matter, what was allegedly misrepresented. The Plaintiffs provide no evidence that contradicts the affidavits submitted by Franklin and Salamanca stating they did not "detail" Pondimin or Fen–Phen, that they did not meet with Dr. Duff, and that they did not know of the dangers of the diet drugs until Wyeth made its findings public.

Further, the "call notes" submitted by the Plaintiffs as Exhibit 18 do not prove nearly as much as the Plaintiffs claim. The call notes are just that—notes about what the sales rep said or did with a particular doctor on a visit. The call notes of Defendant Salamanca provide little information about what was said. The Plaintiff did not attach any call notes for Defendant Franklin.

The Plaintiffs make very broad and vague claims about what other detail representatives have done in other cases, and trying to impute the same conduct to Defendants Franklin and Salamanca. However, even viewing the case in the light most favorable to the Plaintiffs, it appears that the Plaintiffs do not have any likelihood of success against Franklin and Salamanca.

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

(1) the Plaintiffs' Motion to Remand [Record Nos. 2 and 4] is **OVERRULED**; and

(2) the Court shall retain jurisdiction of this case pending the ruling by the Judicial Panel on Multi–District Litigation's on the Defendants' request for transfer to that Court.